UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WAYNE C. MORGAN, )<br>*As Next Friend of David Morgan*, )<br>  )<br>           Petitioner, )<br>  )<br>     v. )<br>  )<br>JOE BIDEN )<br>  )<br>           Respondent. ) | Civil Action No. 1:24-cv-00772 (UNA) |

## **MEMORANDUM OPINION**

This matter is before the court on its initial review of petitioner's *pro se* petition for writ of habeas corpus ("Pet."), ECF No. 1, pursuant to 28 U.S.C. § 2241, and application for leave to proceed *in forma pauperis* ("IFP App."), ECF No. 2. For the reasons explained below, petitioner's IFP application is denied, and the petition, and this case, are dismissed without prejudice.

Petitioner, Wayne C. Morgan, sues the President of the United States. Pet. at 1. He purports to bring this action as next friend for his father, David Morgan, and other inmates, all of whom are state prisoners currently incarcerated at Joseph Harp Correctional Center ("JHCC"), located in Lexington, Oklahoma. *See id.* at 1, 3–4. Petitioner broadly alleges, with very little supporting facts or context, that these "Oklahoma petitioners" have been deprived of their right to speedy trial, and that as a result, their criminal charges should be vacated, and they should be released from custody. *See id*. at 2–3, 5. Simply put, petitioner faces hurdles here that he cannot overcome.

As noted above, petitioner has filed the petition, *see id.* Pet. at 1, 3–4, and the IFP application, *see* IFP App. at 1–2, on behalf of his father and others, which is prohibited. As a general rule, applicable here, a *pro se* litigant can represent only himself in federal court. *See* 28

U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (same); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.,* 274 F. Supp. 2d 10, 16 (D.D.C. 2003) (same), *affd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004).  And, assuming *arguendo* that petitioner could plausibly bring this action on behalf of these third parties, which the court does not concede, he has not explained why these individuals are unable to file suit on their own behaves, nor has he established that he has formal legal authority to act as their representative in this matter.  *See Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990); *King v. District of Columbia*, 878 F. Supp. 2d 8, 12 (D.D.C. 2012) (citation omitted).

To that same end, petitioner has failed to establish standing in this matter. "[A] defect of standing is a defect in subject matter jurisdiction."  *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (noting that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III").  Federal courts only have subject matter jurisdiction if there is a "Case" or "Controvers[y]" to be decided, and in the absence of any actual or threatened injury, no such case or controversy exists.  *See* U.S. Const. Art. III, § 2.  The alleged "injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149–50 (2010)).  Applicable here, Article III judicial power exists only to redress or otherwise to protect against injury to the complaining party and a litigant generally must assert their own legal rights and interests and cannot rest their claim to relief on the legal rights or interests of third parties. *Moses v. Howard Univ. Hosp.*, 606

F.3d 789, 794–95 (D.C. Cir. 2010); *Singh v. Carter*, 185 F. Supp. 3d 11, 21 n. 4 (D.D.C. 2016). The instant petition lacks any factual allegations showing that petitioner personally sustained (or is likely to sustain) an injury resulting from the alleged conduct.

Indeed, a "writ of habeas corpus shall not extend to a [petitioner] unless" he is "in custody" under some authority. 28 U.S.C. § 2241(c). A person is generally considered "in custody" if he is being held in a prison or jail, or if he is released on conditions of probation or parole, *see, e.g., Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963) (holding that a paroled petitioner is "in custody" because parole restrictions "significantly restrain petitioner's liberty"), or subject to other "substantial" non-confinement restraints on liberty, *see, e.g., Hensley v. Municipal Court*, 411 U.S. 345, 351–53 (1973) (holding that a petitioner released on his own recognizance pending appeal of his sentence was "in custody" for purpose of habeas). Nothing in the petition suggests that petitioner currently is incarcerated, or is a probationer or parolee, or is otherwise restrained. Petitioner is thus not "in custody" for habeas purposes.

Finally, even if a petitioner with standing filed this matter, it is filed against the wrong respondent, and in the wrong District. A petitioner's "immediate custodian" is the proper respondent in a § 2241 habeas corpus action, *see Rumsfield v. Padilla*, 542 U.S. 426, 434–35 (2004); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("[T]he appropriate defendant in a habeas action is the custodian of the prisoner.") (citing *Chatman-Bey v. Thornburg*, 864 F. 2d 804, 810 (D.C. Cir. 1988) (en banc)), and "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for

purposes of § 2241 habeas relief"). Therefore, the affected inmates must respectively file for the relief sought in the United States District Court for the Western District of Oklahoma.

For all of these reasons, the IFP application is denied, and this matter is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   April 29, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge